**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 25, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANK EDWARD VANN,

Defendant - Appellant.

No. 13-6204
(D.C. No. 5:97-CR-00017-M-2)
(W.D. Okla.)

**ORDER AND JUDGMENT**\*

Before **GORSUCH**, **SEYMOUR,** and **PHILLIPS**, Circuit Judges.

Frank Edward Vann seeks a sentence reduction under 18 U.S.C. § 3582(c)(2), contending that his relevant conduct involved less than 8.4 kilograms of cocaine base. After the United States Sentencing Commission enacted Amendments 750 and 759, 8.4 kilograms became the minimum amount necessary to qualify for base offense level of 38, the level at which Vann was sentenced.[1] In the 17 years since his sentencing, Vann has

---

\* This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] As of November 1, 2014, under Amendment 782 to the sentencing guidelines, the Sentencing Commission has raised the weight to 25.2 kilograms of cocaine base to qualify for base offense level 38. The Commission has made the new amendment retroactive, but with the requirement that reduced sentences cannot take effect until

filed a direct appeal, a petition under 28 U.S.C. § 2255, and pro se motions for sentence reductions under 18 U.S.C. § 3582(c)(2). Until this instant motion under § 3582(c)(2), Vann had never disputed the total drug weight or contended that the Pre-Sentence Investigation Report ("PSR") double-counted any of the 8.78 kilograms of cocaine base attributed to him as relevant conduct. He now has changed course and seeks to collaterally attack this relevant conduct finding made 17 years ago at his sentencing. Because § 3582(c)(2) affords Vann no relief, we affirm the district court's denial of his motion for a sentence reduction.

BACKGROUND

In 1997, a federal grand jury in Oklahoma charged Vann and four others in a 22-count indictment for, among other things, conspiring to possess with intent to distribute and distributing cocaine base. Under a written plea agreement, Vann pleaded guilty to conspiring to possess with intent to distribute and distributing cocaine powder. The parties reserved their ability to argue about whether Vann's relevant conduct involved cocaine powder or instead cocaine base. Using the 1995 Sentencing Guidelines Manual, the probation office prepared a PSR that attributed to Vann a total of 8,786.55 grams of cocaine base. The PSR listed the various quantities of cocaine base attributed to Vann in a column of entries. Because this total amount exceeded 1.5 kilograms of cocaine base, Vann's base offense level was 38, the highest possible under U.S. Sentencing Guideline § 2D1.1(c)(1). At sentencing, Vann did not contest the total drug weight or suggest that the

November 1, 2015. U.S. Sentencing Guidelines Manual, supp. app. C., Amendment 782 (2014).

-2-

PSR double-counted any of the 8,786.55 grams of cocaine base included in the relevant conduct. The district court adopted that uncontested amount and sentenced Vann accordingly. *See United States v. Hook*, 551 F.3d 1205, 1217 (10th Cir. 2009) (finding that a defendant admits the PSR's facts when he fails to object, and that the government need not produce additional evidence to support the admitted facts) (citation omitted).

Vann directly appealed his sentence but did not argue any double-counting. Rather, he challenged the district court's imposing four levels under the leader-organizer enhancement. In a two-page order, we affirmed. *United States v. Vann*, 133 F.3d 933, 1998 WL 17765 (10th Cir. Jan. 20, 1998) (unpublished). Vann then filed an application for relief under 28 U.S.C. § 2255, stating multiple grounds for relief but again not claiming any double-counting in the total relevant conduct amount of 8,786.55 grams of cocaine base.[2] *United States v. Vann*, No. 02-6303 (10th Cir. Aug. 28, 2003) (unpublished). We denied a certificate of appealability. *Id.* at *2–3.

In 2007, Vann filed a pro se motion for a sentence reduction after the Sentencing Commission amended the cocaine base guideline. In Amendment 706, the Commission increased the amount of cocaine base necessary to qualify for the maximum base offense level 38, from 1.5 kilograms or more of cocaine base to 4.5 kilograms or more. *See* U.S. Sentencing Guidelines app. C, Amendment 706, 713 (2007). While this Amendment

---

[2] Vann's sole claim relating to the drug quantity finding was that the district court had committed "plain error in sentencing him based upon the erroneous assumption that nine kilograms of cocaine powder converts to nine kilograms of crack cocaine[.]" *Vann*, No. 02-6303, at *2. We denied a certificate of appealability after concluding that "none of the district court's procedural rulings or merits determinations would be debatable among jurists of reason." *Id.* at *4.

reduced the disparity between cocaine base and powder from 100:1 to about 33:1, it did not help Vann—his offense involved more than 4.5 kilograms of cocaine base. Perhaps this is why despite the district court's appointing the Federal Public Defender's Office as counsel in April 2008, nothing further happened with the motion for sentence reduction.

In January 2012, consistent with the Fair Sentencing Act enacted on August 2, 2011, the Sentencing Commission again increased the amount of cocaine base necessary to qualify for the maximum base offense level 38—this time to 8.4 kilograms or more. U.S. Sentencing Guidelines Manual app. C, Amendment 750 (2011). After the enactment of the Fair Sentencing Act, the district court again appointed the Federal Public Defender's Office as Vann's counsel. In January 2013, after no further action, Vann filed another pro se motion for sentence reduction under 18 U.S.C. § 3582(c)(2). He contended that his PSR had in fact found as his relevant conduct 8,276 grams of cocaine base, less than the new 8.4 kilogram-baseline. The government contested Vann's calculation. It noted that the PSR found Vann's relevant conduct as 8,786.55 grams of cocaine base.[3] The district court agreed and denied the motion. Vann then appealed.

## DISCUSSION

### A. Issues and Standard of Review

On appeal, Vann argues a point not made below or in any of his other appearances before this Court: that at his 1997 sentencing the district court "did not explicitly find a

---

[3] The PSR totals support the government's figure of 8,786.55 grams of cocaine base. On appeal, Vann's counsel acknowledges that Vann miscalculated the amount of 8,276 grams of cocaine base. In part, he mistakenly treated an ounce as 28 grams rather than 28.35 grams.

particular amount of cocaine base attributable to Mr. Vann, acting as a participant in the conspiracy, during the original sentencing proceedings." Appellant's Brief at 16. In the district court, he had conceded the district court's finding but sought to amend it to avoid the alleged double-counting of one of the amounts used to reach the 8,786.55 gram total. R. vol. I at 151. On appeal, he complains that "the District Court failed to address the factual error identified by Mr. Vann in his *propria persona* pleadings." Appellant's Br. at 16. As this "clear factual error," he describes the sentencing court's attributing to him as relevant conduct one drug transaction involving 469.6 grams of cocaine base. This is the amount he Vann contends that the PSR "double-counted" and that the district court relied upon at his 1997 sentencing hearing.

## B. Analysis

### 1. The Relevant Facts

Specifically, Vann argues that the 469.6 grams identified in PSR ¶ 24 for a transaction on August 21, 1996, is the same as the 500 grams of cocaine identified in PSR ¶ 26 as occurring in July 1996. Having reviewed the record on this issue, we see why Vann hasn't ever raised this argument before. Not only do the cocaine amounts not match, but neither do the dates or the people involved. Quite simply, nothing supports Vann's double-counting argument. We find no abuse of discretion by the district court's denying a sentence reduction under 18 U.S.C. § 3582(c)(2). *See United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (citation omitted). On appeal, Vann also raises other issues that he didn't argue in the district court. He now claims that the 469.6 grams of

cocaine identified in ¶ 26 of the PSR should not count because it resulted from "an operation orchestrated by law enforcement, with the assistance of an informant who was acting under the officers' direction." Appellant's Br. at 18. In a related argument, Vann also argues against attributing those 469.6 grams to him because the person arrested for bringing this cocaine from Los Angeles to Oklahoma City said that he did not know Vann, and Harold Combs (who, we note, was Vann's co-conspirator and partner) actually recruited that person. Vann offers no argument or authority to defeat the inclusion of these 469.6 grams into the total. Whether the person bringing the cocaine knew of Vann or only Vann's partner, Harold Combs, that cocaine was part of the conspiracy and properly calculated as part of Vann's relevant conduct.

### 2. Sentence Reductions Under 18 U.S.C. Sec. 3582(c)(2)

We begin with the language of § 3582(c)(2):

> (c) **Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 of the Sentencing Guidelines largely defines the limits of sentencing relief available under 18 U.S.C. § 3582(c)(2). That section instructs us to "determine the

amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S. Sentencing Guideline § 1B1.10(b)(1) (2013). Here, Vann never presented his "double-counting" argument to the sentencing court, which sentenced him on the unchallenged total weight of 8,786.55 grams of cocaine base. Under that total weight, Vann's sentence would remain the same after Amendment 750 because that weight exceeds 8.4 kilograms of cocaine base, which triggers a base offense level of 38. In short, this is not a case in which relief is available.

Instead, this is a case in which a defendant seeks to redo his original sentencing on grounds that he never previously asserted. As the government notes, Vann is trying to collaterally attack his 1997 sentence. That attempt exceeds what § 3582(c)(2) and U.S.S.G. § 1B1.10(b)(1) allow. *See United States v. Smartt*, 129 F.3d 539, 542–43 (10th Cir. 1997) (finding no jurisdiction under § 3582(c)(2) to consider the effect of counsel's failure to request safety-valve relief at the time of his original sentencing, because such relief is available under 28 U.S.C. § 2255). Accordingly, even if the sentencing court had double-counted an amount (which it did not), the time and place to seek relief would be in the trial court, on direct appeal, or even perhaps on a habeas petition. *See United States v. Washington*, 759 F.3d 1175, 1177-78, 1182, 1185 (10th Cir. 2014) (disallowing relief under § 3582(c)(2) although defendant *had* appealed the district court's conversion of $2,600 into 85.05 grams of cocaine base, which did not make a difference until Amendment 750, and considering defendant's efforts as an attempt to seek a "brand new

direct appeal, something utterly at odds with the limited and streamlined eligibility determination envisioned in § 3582(c)(2)").

Next, we address an issue Vann raises for the first time on appeal—that the district court never found an exact total weight of cocaine base involved in the offense. From this premise, Vann then argues that he is entitled to relief under *United States v. Battle*, 706 F.3d 1313 (10th Cir. 2013). Presumably, if he prevailed on this ground, Vann would ask that we remand so the district court could determine whether it had double-counted 469.6 grams of cocaine base. Unfortunately for Vann, we find nothing in *Battle* that would support a remand for more fact-finding by the sentencing court. As explained below, we disagree with Vann's characterization of *Battle* as involving "a nearly identical factual issue presented in a nearly identical legal posture" to his own. Appellant's Br. at 16.

In *Battle*, the sentencing court found that the defendant's offense involved "at least 1.5 kilograms of cocaine base." 706 F.3d at 1314. The district court did not make a specific drug quantity finding because anything more than 1.5 kilograms yielded the highest base offense level of 38. *Id.* at 1315–16. After Amendment 750, which increased the floor amount of cocaine base to more than 8.4 kilograms, Battle filed a motion under § 3582(c)(2), seeking a reduction of four offense levels. *Id.* at 1316. The district court reduced his total offense level by two, using information from the original sentencing hearing to attribute 3.4 kilograms of cocaine base to Battle. *Id.* at 1314, 1316.

On appeal, we rejected Battle's argument that the district court could not make supplemental drug quantity findings in the § 3582(c)(2) hearing. *Id.* at 1314. We declined to decide whether the district court could "engage in new fact-finding in determining the

amended guideline range in a § 3582(c)(2) proceeding." *Id.* at 1319. We reversed after determining that the facts at the original sentencing hearing did not support the relevant conduct finding of 3.4 kilograms. *Id.* Because our review of the record convinced us that the government had not proved by a preponderance that Battle had been involved in more than 1.8 kilograms, we reversed and remanded for further proceedings. *Id.* at 1321.

Vann's case hardly resembles *Battle*. Here, the district court made a specific, determinate finding that Vann's offense had involved 8,786.55 grams of cocaine base. In this regard, the district court had ample bases to support its relevant conduct findings—so ample that Vann did not contest them in his direct appeal, habeas petition, or his earlier request for a sentence reduction under § 3582(c)(2). We have no reason to reverse the district court's 1997 drug weight findings or to remand for any clarification or additional findings.

## CONCLUSION

For the foregoing reasons, we affirm.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge