**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 26, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JULIAN LOPEZ, JR.,

    Defendant - Appellant.

No. 21-3024
(D.C. No. 6:17-CR-10157-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.[**]
_____

Defendant-Appellant Julian Lopez filed a motion for compassionate release in

the district of Kansas under 18 U.S.C. § 3582(c)(1).  Lopez, who is incarcerated for

possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C.

§ 924(c), requested early release from prison to take care of his ailing father.  The

district court denied the motion, finding Lopez failed to present "an extraordinary and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

compelling reason warranting release." This appeal followed. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

We review the district court's denial of a motion for compassionate release for an abuse of discretion. *See United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016). The district court may grant a motion for a reduction of sentence if it (1) finds that an extraordinary and compelling reason warrants such a reduction, (2) finds that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission, and (3) considers the factors set forth in 18 U.S.C. § 3353(a), to the extent they are applicable. *United States v. McGee*, No. 20-5047, 2021 WL 1168980, at *5 (10th Cir. Mar. 29, 2021).

Here, Lopez moved for a sentence reduction to care for his ailing father, who is 82 years old, has high blood pressure, had a stroke, is battling prostate cancer, recently fractured a hip, and needs assisted living but cannot afford it. Lopez contends his mother, who is 72, is not healthy enough to care for his father. Lopez also suggests that his sister cannot care for his parents because she has her own family to care for and does not live nearby. The district court determined these circumstances do not constitute an extraordinary and compelling reason warranting early release.

On appeal, Lopez argues the district court erred in denying his motion solely because his asserted "extraordinary and compelling reason" warranting release does not fall within policy statements issued by the Sentencing Commission. While we agree this *would be* error, s*ee McGee*, 2021 WL 1168980 at *8 (explaining that district courts have the authority to determine for themselves what constitutes "extraordinary

and compelling reasons"), Lopez misconstrues the district court's order. Although the district court acknowledged the policy statements issued by the Sentencing Commission, it did not solely rely upon them in finding Lopez failed to present an extraordinary and compelling reason warranting early release.

The district court recognized that "family circumstances can sometimes establish an extraordinary and compelling reason warranting release." Quoting the application note to U.S.S.G. § 1B1.13, however, the court explained that "family circumstances" typically warrant early release where (1) the caregiver of a defendant's minor child is incapacitated or dies, or (2) the defendant's spouse becomes incapacitated and the defendant would be the only available caregiver. The court found that neither of these situations apply, as Lopez's father is neither Lopez's spouse nor the caretaker of his children. But the court did not stop there. Instead, it went on to explain that "even if [it] was inclined to find that caring for an incapacitated parent was an extraordinary reason, [Lopez] fails to demonstrate . . . that he is the only potential caregiver." The district court reasoned that Lopez's mom and sister are both available to help care for his father. The court thus concluded that Lopez's "assertion that his father needs additional caregiver help does not constitute an extraordinary and compelling reason warranting release."

The district court was well within its discretion to deny Lopez's motion for a sentence reduction. In making its decision, the court did not rely upon an incorrect conclusion of law or a clearly erroneous finding of fact. *See United States v. Williams*, No. 2021-3001, WL 1148456, at *2 (10th Cir. Mar. 25, 2021). Contrary to Lopez's

3

suggestion, the court did not misconstrue its authority to reduce Lopez's sentence. The court simply determined that Lopez did not present an extraordinary and compelling reason warranting early release. Accordingly, we affirm.

Entered for the Court

Bobby R. Baldock
Circuit Judge