**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 21, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHARLES PEPPER,

    Defendant - Appellant.

No. 21-3003
(D.C. No. 6:17-CR-10109-EFM-3)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Pro se Petitioner Charles Pepper, a federal inmate, moved for compassionate release under 18 U.S.C. § 3582(c), as amended by the First Step Act. The district court denied Petitioner's motion finding that he lacked extraordinary and compelling reasons. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

The district court sentenced Petitioner to 72 months' imprisonment after he pleaded guilty to two counts of the use of a communication facility to facilitate the distribution of methamphetamine, in violation of 21 U.S.C. §§ 843(b) and (d). Roughly two years later, Petitioner filed a motion arguing that extraordinary and compelling reasons warranted his compassionate release.[1]

Petitioner argued before the district court that he needed compassionate release to care for his aging parents and their family farm. The district court concluded that Petitioner's desire to care for his aging parents and their farm did not constitute an extraordinary and compelling reason. It explained that family circumstances may present an extraordinary and compelling reason when: (1) a defendant has to care for his minor children because the children's caregiver died or became incapacitated, or (2) a defendant has to care for his spouse because the spouse became incapacitated. U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1(c) (U.S. Sent'g Comm'n 2021). But neither of those circumstances existed in Petitioner's case. The district court alternatively concluded that even if caring for an aging parent did present an extraordinary and compelling reason for release, Petitioner was not the only available

---

[1] Petitioner argued before the district court that he had medical conditions—asthma, allergies, and hereditary neuropathy—which put him at a greater risk of severe health complications should he contract COVID-19. The district court found Petitioner's argument uncompelling because he offered no evidence that he had asthma or hereditary neuropathy and failed to show that allergies placed him at increased risk of health complications should he contract COVID-19. Petitioner abandons this argument on appeal.

caregiver because Petitioner's sister lived in Kansas and could also care for their parents. For these reasons, the district court denied Petitioner's motion for compassionate release. Petitioner appeals.

## II.

We review the district court's decision for an abuse of discretion. United States v. Piper, 839 F.3d 1261, 1265 (10th Cir. 2016). Under this standard, we will uphold the district court's ruling unless it relied on an "incorrect conclusion of law or clearly erroneous finding of fact." Id.

A district court may grant a motion for compassionate release if a defendant meets three requirements: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 U.S.C. § 3553(a) support early release. 18 U.S.C. § 3582(c)(1)(A); United States v. McGee, 992 F.3d 1035, 1042 (10th Cir. 2021). If any of the requirements are lacking, the district court may deny the motion without addressing other factors. Id. at 1043.

## III.

On appeal, Petitioner continues to maintain that caring for his parents establishes an extraordinary and compelling reason warranting his compassionate release. But in any circumstance, caring for aging parents is not grounds for release.[2]

---

[2] Petitioner notes that his sister recently relocated to another state and, therefore, he is the only available caregiver for his aging parents. But even assuming

U.S.S.G. § 1B1.13 cmt. n.1(c);  See also United States v. Lopez, 846 F. App'x 733, 735 (10th Cir. 2021) (unpublished).

Petitioner next argues that his BOP Pattern score presents an extraordinary and compelling reason warranting release.  But Petitioner failed to raise this argument before the district court and does not argue for plain error.  Consequently, we do not address it on appeal.  See Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1130–31 (10th Cir. 2011).

For these reasons, the district court did not abuse its discretion in denying Petitioner's motion for compassionate release under § 3582(c).

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge

---

he is the only available caregiver, caring for aging parents does not constitute an extraordinary and compelling reason.