FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 24, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL EUGENE SIMPSON,

    Defendant - Appellant.

No. 21-1211
(D.C. No. 1:14-CR-00265-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.
_____

    Michael Simpson appeals the district court's denial of his motion for

compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the

First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  Because the district

court did not abuse its discretion by considering the factors set forth in 18 U.S.C.

§ 3553(a) without first considering whether Simpson's circumstances constituted

---

    * After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

"extraordinary and compelling reasons" for early release, and did not abuse its discretion in its analysis of the § 3553(a) factors, we AFFIRM.

## I.     Background

Simpson was charged with fourteen counts: one count of possession of cocaine with intent to distribute, one count of possession of an unregistered destructive device, and twelve counts of possessing firearms and ammunition while being a prohibited person. *See* ROA, Vol. 1 at 7–13. The Government dismissed one of the firearms counts, and a jury convicted Simpson on the rest. *Id.* at 15–16. Simpson appealed his convictions, and we reversed on all but three counts: possession with intent to distribute cocaine, possession of an unregistered destructive device, and one of the firearms counts. *See id.* at 7–9, 64–65. The district court sentenced Simpson to 216 months' imprisonment and 3 years' supervised release on those remaining counts. *See id.* at 68–71. Simpson is incarcerated at USP Lewisburg and, as of the district court's denial of his motion, he had served less than half of his sentence even after considering good time credits. *Id.* at 125, 129. On February 21, 2021, after exhausting all administrative remedies, Simpson filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *Id.* at 126–27; *see id.* at 76. He noted that his obesity, asthma, and race, as well as the COVID-19 pandemic and related conditions at USP Lewisburg, put him at extremely high risk of suffering complications from COVID-19. *See id.* at 86, 88, 91. The district court denied the motion. *Id.* at 130. Simpson appeals.

2

## II.    Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)

A court may reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Before reducing a term of imprisonment, the district court must first find that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In addition, the court may only reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent they are applicable . . . ." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A). Accordingly, we have held that the plain language of § 3582(c)(1)(A) imposes three requirements:

> (1) the district court finds that extraordinary and compelling reasons warrant such a reduction;
>
> (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable.

*United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

The district court may deny a motion for compassionate release upon finding any one of the three requirements unsatisfied, "without considering the others." *United States v. Hald*, 8 F.4th 932, 936–37 (10th Cir. 2021). The district court can

therefore address the § 3553(a) factors before considering whether any facts would

support a finding of extraordinary and compelling reasons. *See id.* at 943.

> Under § 3553(a), district courts consider:
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ; (5) any pertinent policy statement . . . ; (6) the need to avoid unwarranted sentence disparities . . . ; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

We review the denial of a motion for sentence reduction under § 3582(c) for

abuse of discretion. *United States v. Mannie*, 971 F.3d 1145, 1147–48, 1154–55

(10th Cir. 2020). Because a sentence has already been imposed, "this court reviews

not the propriety of the sentence itself, but the propriety of the district court's grant

or denial of the motion to reduce the sentence." *Id.* at 1155. "A district court abuses

its discretion when it relies on an incorrect conclusion of law or a clearly erroneous

finding of fact." *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016)

(quoting *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013)).

### III.    The District Court Did Not Abuse Its Discretion.

We agree with the district court that Simpson satisfied § 3582's exhaustion requirement.

Simpson argues that the district court abused its discretion because (1) it should have determined that, in light of the COVID-19 pandemic and conditions at USP Lewisburg, his health concerns were extraordinary and compelling reasons for release *before* turning to its § 3553(a) analysis, and (2) it should have balanced the § 3553(a) factors against those extraordinary and compelling reasons.  Simpson's arguments are unpersuasive.

The district court did not abuse its discretion in addressing the § 3553(a) factors without first addressing the extraordinary and compelling reasons Simpson raises.  The district court may address the three requirements for compassionate release in any order.  *Hald*, 8 F.4th at 936–37.  Moreover, if the district court finds any requirement not satisfied, it may deny the motion without considering the others. *Id.*  The district court followed this approach.  Rather than determine whether Simpson's circumstances constituted extraordinary and compelling reasons, it looked at the § 3553(a) factors first and found after consideration of those factors that early release was not justified.  The district court's approach conformed to this court's precedent and was not an abuse of discretion.

Neither did the district court abuse its discretion in finding the § 3553(a) factors not satisfied.  This court has said that "the various facts that would support a finding of [extraordinary and compelling] reasons are relevant to the § 3553 analysis.

5

But to the extent they influence that analysis, it is irrelevant whether those facts meet the test of 'extraordinary and compelling reasons.'" *Id.* at 943. This court has not endorsed the balancing of the § 3553(a) factors against the "extraordinary and compelling reasons" alleged as Simpson seems to propose. *See* Aplt. Br. at 15. Rather, we have merely recognized that the same facts that a movant raises as extraordinary and compelling reasons can also be relevant in consideration of the § 3553(a) factors.

At any rate, the district court did consider Simpson's individualized concerns regarding his obesity, asthma, and race, as well as broader concerns about conditions at USP Lewisburg and the COVID-19 pandemic in general. *See* ROA, Vol. 1 at 128. It also considered the seriousness of Simpson's offenses, that his offenses included possession of not only weapons but also drugs, that he was in possession of multiple types of weapons, that Simpson is highly likely to recidivate, and that Simpson had served less than half of a lengthy sentence. *Id.* at 129. The district court also took into account his good behavior and his efforts toward self-improvement while incarcerated. *Id.* After considering all these factors, we conclude the district court did not abuse its discretion by determining that early release was not supported. The serious offenses at issue include possession of drugs and a destructive device. Further, Simpson's track record indicates he may recidivate. If Simpson were released now, his sentence would effectively be cut in half. The district court concluded that release "would not reflect the seriousness of [Simpson's] crimes, promote respect for the law, provide just punishment for the offense, or afford

6

adequate deterrence to criminal conduct." ROA, Vol. 1 at 129. In reviewing the district court's consideration of the relevant § 3553(a) factors, "[w]e are not left with a definite and firm conviction that the district court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Hald*, 8 F.4th at 950.

## IV.    Conclusion

The district court did not abuse its discretion in denying Simpson's motion based solely on its consideration of the § 3553(a) factors, nor did it abuse its discretion in applying the § 3553(a) factors. We AFFIRM.

Entered for the Court

Mary Beck Briscoe
Circuit Judge