**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 17, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LONNIE DEAN,

    Defendant - Appellant.

No. 21-2082
(D.C. No. 1:11-CR-01670-JCH-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **ROSSMAN**, Circuit Judges.
_____

Lonnie Dean appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

### A.  *Legal Background*

Title 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, allows federal prisoners to move for compassionate release in the district court after exhausting Bureau of Prisons ("BOP") administrative remedies.  *See United States v. Maumau*, 993 F.3d 821, 830-31 (10th Cir. 2021).  The court may grant the motion only when the district court finds that

> (1) extraordinary and compelling reasons justify release;
>
> (2) release is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (3) release is warranted after considering the applicable § 3553(a) factors.

*Id.* at 831; *see also* 18 U.S.C. § 3582(c)(1)(A).

In general, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking." *Maumau*, 993 F.3d at 831 n.4 (quotations omitted); *see also United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021).  But because the United States Sentencing Commission "has been unable to comply with its statutory duty of promulgating a post-First Step Act policy statement," "the Sentencing Commission's existing policy statement[s are] applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants." *Id.* at 1050.  Thus, current policy statements "cannot constrain district courts' discretion" in deciding a prisoner's motion for compassionate release.  *Id.* (quotations omitted).

In other words, until the Sentencing Commission promulgates new policy statements, a district court may consider only the first and third prerequisites for compassionate release under § 3582(c)(1)(A) because currently there are no applicable policy statements under the second prerequisite.

## B. *Procedural History*

In 2013, Mr. Dean pled guilty to (1) conspiracy to distribute at least 50 grams of methamphetamine; (2) possession of methamphetamine with intent to distribute; and (3) assaulting, resisting, or impeding a federal officer.  He was sentenced to 240 months in prison.[1]

In August 2020, Mr. Dean submitted a compassionate-release request to the BOP under 18 U.S.C. § 3582(c)(1)(A).  As justification, he cited (1) his medical conditions, including obesity, diabetes, and hypertension; and (2) the spread of COVID-19.  After the BOP denied his request, Mr. Dean filed a motion for compassionate release in the district court.

The district court agreed that Mr. Dean's medical conditions constituted extraordinary and compelling circumstances under § 3582(c)(1)(A)(i).[2]  It then

---

[1] A state court also sentenced Mr. Dean to 10 years in prison for vehicular homicide after he killed an innocent bystander while attempting to escape federal officers.  Suppl. ROA at 3, 87, 98.  The federal and state sentences were set to run concurrently.

[2] The court disagreed with Mr. Dean's contention that the COVID-19 pandemic supported a finding of extraordinary and compelling circumstances, noting the BOP's adequate response to the pandemic and Mr. Dean's vaccination status.

weighed the sentencing factors under 18 U.S.C. § 3553(a) and concluded that modifying Mr. Dean's sentence was not warranted. The court acknowledged Mr. Dean had a clean record in prison.

In considering the § 3553(a) factors, the district court

> (1) described Mr. Dean's extensive criminal history, which "included five felony drug convictions, carrying a concealed weapon, possession of stolen property, an arrest for battery against a household member and an arrest for burglary";
>
> (2) noted the seriousness of his offenses of conviction, during which "he fled from federal agents by ramming a vehicle, fleeing and then causing a crash that killed a person"; and
>
> (3) found "after review of the section []3553 factors and the facts set forth above, the defendant is a danger to the safety of another person or to the community."

ROA at 133. The court determined the § 3553(a) factors weighed against release and denied Mr. Dean's motion.

Mr. Dean timely appealed.

## II. **DISCUSSION**

We review a district court's ruling on a First Step Act motion for abuse of discretion. *See United States v. Mannie*, 971 F.3d 1145, 1147-48, 1154-55 (10th Cir. 2020). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016) (quotations omitted).

4

Mr. Dean argues the district court erred because it relied on a policy statement in the Sentencing Guidelines, § 1B1.13(2), to deny the motion.[3]  We disagree.  The court said Mr. Dean satisfied the first prerequisite of § 3582(c)(1)(A)—extraordinary and compelling reasons—but denied the motion based on the third prerequisite— evaluation of the § 3553(a) factors.  It did not rely on the second prerequisite.  Mr. Dean's arguments to the contrary lack merit.

First, he argues the district court failed to acknowledge that no applicable Sentencing Commission policy statements exist.  But Mr. Dean points to no authority providing that the district court was obligated to state that no policy statement applied.  The Government alerted the court to our holding in *McGee* that the Sentencing Commission has not yet promulgated an applicable policy statement, Suppl. ROA at 7, and the court cited *McGee* in its order denying compassionate release, ROA at 129.

---

[3] United States Sentencing Guideline § 1B1.13(2) states:
> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that
> . . .
> (2) [t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).

5

Second, he says the district court's order summarized the Government's argument that Mr. Dean cannot satisfy Sentencing Commission Policy Statement § 1B1.13(2). But the court's description of the Government's argument citing to § 1B1.13(2) does not show the court denied relief based on that provision. A court's restatement of a party's argument does not mean the court has adopted it. And "it would hardly be an abuse of discretion for a district court to look to the present policy statement for guidance" as long as it did not feel bound by the policy statement. *United States v. Hald*, 8 F.4th 932, 938 n.4 (10th Cir. 2021).

Third, he contends the district court's statement that he "is a danger to the safety of another person or to the community" "tracks" the language found in § 1B1.13(2). Aplt. Br. at 14 (quoting *United States v. Carralero-Escobar*, 860 F. App'x 143, 146 (10th Cir. 2021) (unpublished)). But the court used this language only after it considered the § 3553(a) factors. This in no way shows it denied the motion based on § 1B1.13(2). The court instead tied the language from the policy statement to its assessment of the § 3553(a) factors.

Even assuming the district court relied on § 1B1.13(2), any error would have been harmless. In its order, the court listed the § 3553(a) factors. It then determined that the defendant's criminal history and the nature and circumstances of the offense—i.e., the facts it previously laid out—militated against sentence modification. Because "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking," *Maumau*,

6

993 F.3d at 831 n.4 (quotations omitted), any error by the district court in its treatment of § 1B1.13(2) would have been harmless.

## III. CONCLUSION

We affirm.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge