FILED
**United States Court of Appeals
Tenth Circuit**

**June 16, 2022**

**Christopher M. Wolpert
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KENYATTA WAYNE ACEY,

    Defendant - Appellant.

No. 21-6120
(D.C. No. 5:10-CR-00153-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **MORITZ**, **BRISCOE,** and **CARSON**, Circuit Judges.
_____

Defendant Kenyatta Wayne Acey, a pro se federal prisoner, appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. We also deny Petitioner's request to proceed *in forma pauperis*.

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

In 2010, Defendant pleaded guilty to possession of three ounces of crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 262 months' imprisonment followed by six years of supervised release. In 2019, the district court granted Defendant's motion for a reduced sentence. The district court imposed a new sentence of 188 months' imprisonment followed by eight years of supervised release. Defendant's projected release date is July 18, 2023.

In July 2020, Defendant moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The district court denied the motion for failure to show administrative exhaustion. Defendant cured this failure and refiled his motion in December 2020. He also asked the district court to appoint counsel. In support of his request for compassionate release, Defendant relied on his high susceptibility to COVID-19 due to hypertension, his rehabilitation efforts, his inability to practice social distancing, and the number of prior infections at his facility. He also submitted a personal letter describing his prior COVID-19 infection, a pre-diabetic diagnosis, and his mother's poor health. The district court denied Defendant's motion in February 2021 for failure to identify an "extraordinary and compelling" reason for sentence reduction as defined at U.S.S.G. § 1B1.13 cmt n.1. Defendant moved for reconsideration, claiming his obesity, crowded prison conditions, a high level of current COVID-19 infections at his facility, and the poor health of both his

mother and mother-in-law justified compassionate relief.  The district court also denied his motion for reconsideration.  Defendant timely appealed both denial orders.

In August 2021, we directed the district court to "consider the defendant's motion . . . anew" given our decisions in United States v. McGee, 992 F.3d 1035 (10th Cir. 2021), and United States v. Maumau, 993 F.3d 821, 837 (10th Cir. 2021), stating that U.S.S.G. § 1B1.13 is not binding on defendant-filed motions for compassionate release.  United States v. Acey, 854 F. App'x 985, 986 (10th Cir. 2021) (per curiam) (unpublished).  Following supplemental briefing by both Plaintiff and Defendant, the district court determined that the factors in 18 U.S.C. § 3553(a) weighed against early or supervised release and again denied the motion.  Defendant appeals the district court's evaluation of his eligibility for compassionate release; he does not appeal the court's denial of his request for counsel.

II.

We review the district court's decision to deny relief under § 3582(c)(1)(A) for an abuse of discretion.  United States v. Hemmelgarn, 15 F.4th 1027, 1031 (10th Cir. 2021) (citation omitted).  Under this standard, we will uphold the district court's ruling unless it relied on an "incorrect conclusion of law or clearly erroneous finding of fact."  United States v. Piper, 839 F.3d 1261, 1265 (10th Cir. 2016).

A district court may grant a motion for compassionate release if a defendant meets three requirements: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) such a reduction reflects the applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 U.S.C.

§ 3553(a) support early release.  18 U.S.C. § 3582(c)(1)(A);  McGee, 992 F.3d at 1042.  A district court must address all three requirements to grant such a motion.  Id. at 1043 (citing United States v. Navarro, 986 F.3d 668, 670 (6th Cir. 2021)).  If any of the requirements is lacking, however, the district court may deny the motion without addressing other factors.  Id. (citing United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021)).

### III.

On appeal, Defendant asserts the district court failed to "review the case afresh" and consider his release plan, § 3582(c)(1)(A), and the § 3553(a) factors.  The district court noted relevant § 3553(a) factors included the nature and circumstances of the offense and the defendant's history and characteristics, the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, and to protect the public from further crimes of the defendant.  See 18 U.S.C. § 3553(a)(1), (a)(2).  In considering his motion, the district court acknowledged Defendant's family circumstances and medical conditions in the context of the COVID-19 pandemic.  But after evaluating Defendant's good behavior, "low" risk score, educational achievements, the seriousness of his offense, his criminal history and recidivism, and the length of his remaining prison term, the district court concluded that his asserted reasons did not justify a further reduction of his sentence.  At the time of the district court's order, Defendant's prison facility had only two active COVID-19 cases, both staff.  Defendant already contracted and

4

recovered from COVID-19 without complications and twice declined the COVID-19 vaccine.

The district court did not rely on a faulty conclusion of law or clearly erroneous finding of fact in denying Defendant's motion. "[W]eighing of the § 3553(a) factors is committed to the discretion of the district court" and we will not reverse unless the lower court made a "clear error of judgment." United States v. Hald, 8 F.4th 932, 949 (10th Cir. 2021) (citation omitted). We, therefore, conclude the district court did not abuse its discretion in finding Defendant ineligible for early release or release with additional or specialized supervised release for the rest of his sentence after weighing the § 3553(a) factors.

The district court did not err in denying Defendant's motion for compassionate release under § 3582(c). We additionally deny Defendant's request to proceed *in forma pauperis*. Defendant has failed to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).

AFFIRMED.

Entered for the Court

Joel M. Carson III
Circuit Judge