FILED
United States Court of Appeals
Tenth Circuit

May 13, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FILIBERTO AVALOS,

    Defendant - Appellant.

No. 20-3194
(D.C. No. 2:13-CR-20026-JAR-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Filiberto Avalos, proceeding pro se,[1] appeals the district court's denial of his

motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Because the

district court abused its discretion when it found that the CDC had not identified

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

[1] Because Avalos appears pro se, we liberally construe his pleadings but will
not act as his advocate.  *See United States v. Pinson*, 584, F.3d 972, 975 (10th Cir.
2009).

being a current or former cigarette smoker as increasing the risk of severe illness or death from COVID-19, we REVERSE and REMAND for further proceedings.

## I.    Background

Avalos is currently incarcerated at FCI-Gilmer, where he is serving a 175-month term of imprisonment.  His projected release date is February 10, 2027.  ROA, Vol. I at 139.  He is 35-years old.

On August 7, 2020, Avalos filed a motion, pro se, seeking a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  *Id.* at 110.  In his motion, Avalos asserted "that he is immunocompromised, due to years of smoking cigarettes and marijuana."  *Id.* at 112; *see also id.* at 128 ("The CDC [Centers for Disease Control and Prevention] has specifically listed respiratory issues as one which could put people at greater risk of contracting severe illness from COVID-19.").  Avalos claimed that his medical condition, in light of the global COVID-19 pandemic and the prison conditions at FCI-Gilmer, constituted extraordinary and compelling reasons for a reduction of his sentence.  The government did not file a brief opposing Avalos's motion.

On September 3, 2020, the district court denied Avalos's motion.  The district court held that it had jurisdiction to consider the motion because "more than thirty days ha[d] passed since Avalos requested compassionate release from the Warden [at FCI-Gilmer]."  *Id.* at 141.  The district court then denied Avalos's motion on the merits, concluding that Avalos failed to show "extraordinary and compelling reasons warranting compassionate release."  *Id.*  The district court noted that the Department

2

of Justice had "recently adopted the position that an inmate who presents with one of the risk factors identified by the [Centers for Disease Control and Prevention] ("CDC") should be considered as having an 'extraordinary and compelling reason' warranting a sentence reduction." *Id.* at 142 (alterations in original) (quoting *United States v. Martin*, No. DKC 04-0235-5, 2020 WL 3447760, at *2 (D. Md. June 24, 2020)). The district court found, however, that "Avalos does not assert that he has a condition deemed to increase risk of complications from COVID-19 as identified by the CDC." *Id.* (citing *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (as of Aug. 14, 2020)).

Avalos timely appealed the district court's decision. In his opening brief, Avalos asserted that the district court incorrectly decided the facts related to "the Appellant's medical history" and that the district court failed to consider "the medical conditions of the Appellant, medical health experts stating the risks, and the danger the Appellant is really in." Aplt. Opening Br. at 4. The government initially declined to file a response brief. We later ordered the government to file a brief specifically addressing whether "the district court abuse[d] its discretion in finding that 'Avalos does not assert that he has a condition deemed to increase risk of complications from COVID-19 as identified by the CDC.'" Order, *United States v. Avalos*, No. 20-3194 (10th Cir. Mar. 30, 2021) (quoting ROA, Vol. I at 142). The government filed its response brief and Avalos submitted a reply to the government's brief.

3

## II.     Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)

18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a term of imprisonment, also referred to as compassionate release, "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Before reducing a term of imprisonment, the district court must first find that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  In addition, the court may only reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent they are applicable . . . ."  *Id.*  Accordingly, we have held that the plain language of § 3582(c)(1)(A) imposes three requirements:

> (1) the district court finds that extraordinary and compelling reasons warrant such a reduction;
>
> (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable.

*United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

We review the denial of a sentence reduction under § 3582(c) for abuse of discretion.  *United States v. Mannie*, 971 F.3d 1145, 1154 (10th Cir. 2020).  Because a sentence has already been imposed, "this court reviews not the propriety of the

4

sentence itself, but the propriety of the district court's grant or denial of the motion to reduce the sentence." *Id.* at 1155. "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016) (citing *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013)).

### III. The District Court Abused Its Discretion When It Found the CDC Had Not Identified Smoking as a COVID-19 Risk-factor

We agree with the district court that Avalos satisfied § 3582's exhaustion requirement.[2]

We disagree, however, with the district court's reasoning in concluding that Avalos did not show "extraordinary and compelling reasons." As discussed above,

---

[2] The district court indicated that § 3582's exhaustion requirement is jurisdictional. *See* ROA, Vol. I at 141. Although this court has not ruled on the issue, our unpublished decisions only indicate that exhaustion is a mandatory claim-processing rule. *See United States v. Johnson*, No. 20-6103, 2021 WL 1053706, at *2 (10th Cir. Mar. 19, 2021) (unpublished) ("In this circuit . . . § 3582(c)(1)(A)'s exhaustion requirement is mandatory, rather than judicially waivable."). Other Circuits have similarly held that § 3582's exhaustion requirement is a "nonjurisdictional claim-processing rule." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020); *see also United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) ("Alam's failure to satisfy this administrative requirement does not deprive us of subject-matter jurisdiction."); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it.") (internal citations omitted). We raise this issue here because, in light of the government's failure to oppose Avalos's motion, Avalos may have been entitled to relief even without exhausting his administrative remedies. *See Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced, *but they may be waived or forfeited*.") (emphasis added).

Avalos asserted that his history of smoking cigarettes and marijuana increased his risk of severe illness or death from COVID-19. The district court rejected this assertion, instead concluding that Avalos had failed to "assert that he has a condition deemed to increase risk of complications from COVID-19 as identified by the CDC." ROA, Vol. I at 142. In support, the district court relied on the CDC's guidelines published on its website. *Id.* at 142, n. 17 (citing *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Aug. 14, 2020)). Although the district court provided this citation to the CDC's website, we have no basis for concluding that the CDC did not, in fact, identify a history of smoking as a risk-factor at that time.

When we now return to the CDC's website, it clearly states that "[b]eing a current or former cigarette smoker **can make you more likely** to get severely ill from COVID-19." *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Apr. 29, 2021) (emphasis in original). Thus, left without any record evidence supporting the district court's fact finding—i.e., that the CDC did not recognize Avalos's smoking history as COVID-19 risk-factor—we reverse and remand for further consideration.

We recognize that the CDC has revised its guidance in the past, and will likely continue to do so in the future, as new research emerges. *See United States v. Kibble*, 992 F.3d 326, 333 n. 2 (4th Cir. 2021) (Gregory, C.J., concurring) ("The CDC

6

acknowledges that it is learning more about COVID-19 every day . . . . As courts, we must adapt as readily as the guidance does.").  Yet, we are unable to conclude, on the record before us, that the district court properly applied the CDC guidance available at the time of its decision in September 2020.  The record provides no indication of whether and when the CDC revised its guidance regarding smoking history.  Nor does the government provide any evidence that the district court's characterization of the CDC guidelines was correct at the time of its decision.  Indeed, other federal courts, addressing compassionate-release motions at around the same time or earlier, found that the CDC *did* identify smoking as increasing the risk of severe illness from COVID-19.  *See, e.g., United States v. Rich*, 471 F. Supp. 3d 441, 446 (D.N.H. 2020) (finding, as of June 5, 2020, that the CDC "acknowledges that smoking can render people immunocompromised, putting them in the high-risk category") (internal quotation omitted); *United States v. Galaz*, 477 F. Supp. 3d 1134, 1139 (S.D. Cal. 2020) (finding, as of August 7, 2020, that "[t]he CDC has identified smoking as a condition which might put an individual at an increased risk of for [sic] severe illness from COVID-19"); *United States v. Jackson*, No. 05-20018-01-JWL, 2020 WL 5231317, at *3 (D. Kan. Sept. 2, 2020) (acknowledging that "the CDC's most recent guidance states that smoking might contribute to heightened susceptibility to severe COVID-19 illness") (internal quotation omitted).

We also recognize that the district court here could have denied relief because the CDC only recognized that smoking "might" increase the risk of severe illness from COVID-19.  *See Jackson*, 2020 WL 5231317, at *3 (denying motion for

7

compassionate release despite defendant's history of smoking). Yet, we conclude that the district court did not deny Avalos's motion on this basis. For example, the district court did not distinguish the CDC's guidance regarding smoking from its guidance regarding other risk-factors. Nor did the district court address the severity of smoking as a risk-factor. To the contrary, the district court found that Avalos failed to assert *any* condition identified by the CDC as increasing the risk of complications from COVID-19. As discussed above, that finding was clearly erroneous.[3]

The government asks us to affirm because Avalos failed to provide "the necessary medical records supporting his claim for compassionate release." Aple. Br. at 5. Yet, the sufficiency of Avalos's medical records was not an issue considered by the district court. In fact, despite its argument, the government concedes that the district court "did not make specific reference" to whether Avalos was required to provide supporting medical documents. Aple. Br. at 7. Nor do we detect any implicit reference to such a requirement. At no point did the district court express any skepticism regarding Avalos's claim that he smoked cigarettes and marijuana for "years." ROA, Vol. I at 112. The government provides us no reason to doubt Avalos's claim. Indeed, Avalos's Presentence Investigation Report indicated a

---

[3] We also doubt whether it would be appropriate to deny a compassionate-release motion solely because the CDC has only concluded that the defendant "might" be at some heightened risk. *See United States v. Newton*, No. 20-2893, --- F.3d ---, 2021 WL 1747898, at *3 (7th Cir. May 4, 2021) ("We think that the district court required the word 'might' to do too much work . . . . We cannot demand certainty where there is no certainty.").

8

"long history" of marijuana use, beginning at the age of 13. ROA, Vol. II at 75. We also note that the government failed to raise this issue (or any other issue) before the district court. Accordingly, "we adhere to our general rule against considering issues for the first time on appeal." *United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012).

The government also asserts that the district court's ruling was "only logical" without "any medical records supporting the claim of lung damage due to years of smoking." Aple. Br. at 7. The government's focus on "lung damage" is not relevant to the district court's error here. As explained above, the CDC recognizes "[b]eing a current or former cigarette smoker" as a COVID-19 risk-factor. *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Apr. 29, 2021). The CDC does not caveat that risk to only those smokers with discernible lung damage. Further, the government identifies no record evidence supporting its theory that, despite the CDC's guidance, only *some* smokers are at a heightened risk of COVID-19 complications. *See Newton*, 2021 WL 1747898, at *4 ("District courts must base factual conclusions on record evidence; they cannot render unsupported medical opinions."). Nor does the government provide any argument why the CDC's guidance should be read more narrowly. *See United States v. Critchlow*, 2:15-cr-00006-JMS-CMM, 2020 WL 5544043, at *5 (S.D. Ind. Sept. 16, 2020) ("The fact that Mr. Critchlow quit smoking in 2017 is unpersuasive given that the CDC guidelines indicate that both smokers and

former smokers may be at an increased risk of severe illness or death from COVID-19."). Thus, we are convinced that Avalos sufficiently asserted a COVID-19 risk-factor, as identified by the CDC.

The government also asserts that any error was harmless. Specifically, the government argues that "[Avalos's] failure to support his assertion of a medical condition so dire that compassionate release was necessary left the court with little recourse but to deny him relief." Aple. Br. at 8. We are unconvinced. A district court certainly has discretion to deny a compassionate-release motion based on insufficient evidence of a medical condition. *See United States v. Elias*, 984 F.3d 516, 520 (6th Cir. 2021) ("Initially, we note that Elias did not provide any records in her motion to support that she has hypertension. The district court could have denied Elias's motion for compassionate release on this basis."). Yet, a district court also has discretion to find "extraordinary and compelling reasons" without specific medical records. *See McGee*, 992 F.3d at 1048 (declining to "catalog" the "unique circumstances" that may give rise to "extraordinary and compelling reasons"). Thus, we cannot conclude that the district court's error was harmless.

The government also asserts that any error was harmless because "there are no limitations on how often a defendant can seek compassionate release," and Avalos may simply "file a subsequent motion with the necessary supporting documents." Aple. Br. at 8. Yet, by that logic, we should always affirm the denial of a motion for compassionate release because any error is necessarily harmless. We decline to

adopt the government's reasoning. *Cf. McGee*, 992 F.3d at 1051 (reversing district court's denial of compassionate release and remanding for further proceedings).

In light of our decision to remand this case, we address one other potential error not raised by Avalos. The district court seems to have relied upon the Sentencing Commission's comments to Guideline § 1B1.13. *See, e.g.,* ROA, Vol. I at 140 ("The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13."). We have since held, however, that where, as here, a defendant brings a motion for a sentence reduction, Guideline § 1B1.13 and the related notes "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." *McGee*, 992 F.3d at 1050; *also United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021). On remand, we are confident that the district court will also consider our recent opinions in *McGee* and *Maumau*.

## IV. Conclusion

To be clear, we reverse solely on the basis of the district court's erroneous finding that being a former cigarette smoker was not "a condition deemed to increase risk of complications from COVID-19 as identified by the CDC." ROA, Vol. I at 142. We express no opinion as to the ultimate merits of Avalos's motion, including whether Avalos's personal increased risk of complications from COVID-19 is an "extraordinary and compelling reason,"[4] or whether a sentence reduction would be

---

[4] We note that other courts have held that certain risk-factors identified by the CDC, such as hypertension or high cholesterol, are too "commonplace" to constitute

11

consistent with the applicable § 3553(a) factors.  We also express no opinion as to the merits of Avalos's alternative request for home confinement.

Accordingly, we REVERSE the district court and REMAND for further proceedings consistent with this opinion.  We GRANT Avalos's motion to proceed in forma pauperis.  We also DENY as moot Avalos's request for appointment of counsel and his request for home confinement.

Entered for the Court

Mary Beck Briscoe<br>
Circuit Judge

---

extraordinary and compelling reasons.  *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021); *see also United States v. Rind*, 837 F. App'x 740, 744 (11th Cir. 2020) (unpublished) (affirming denial of motion for reduction of sentence where the district court "supported its conclusion that Rind's conditions [including type II diabetes, hypertension, high blood pressure, and asthma] did not appear to be 'at an acute level' such that they constituted extraordinary and compelling reasons to warrant his release . . . ."); *United States v. Bass*, 843 F. App'x 733, 735 (6th Cir. 2021) (unpublished) (noting that, although the CDC recognizes morbid obesity as a risk-factor, "[w]hether morbid obesity is an extraordinary and compelling reason supporting compassionate release is questionable").