**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NELSON CARRALERO-ESCOBAR,

Defendant - Appellant.

No. 20-2093
(D.C. No. 1:19-CR-00404-JCH-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

After COVID-19 spread across the country, defendant, Nelson Carralero-

Escobar, moved to reduce his prison sentence under 18 U.S.C. § 3582(c)(1)(A),

colloquially called the compassionate-release provision. The district court denied the

motion, relying in part on the policy statement at United States Sentencing

Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2018). Everyone now agrees that

the policy statement did not control the court's decision. But the court's error in

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

relying on the policy statement does not warrant reversal under plain-error review because the court gave a separate, valid reason for its ruling. And the court did not otherwise abuse its discretion when it denied defendant's motion. So we affirm.

## I. Background

Over the past twenty-five years, defendant has been convicted of several crimes arising out of ten prior cases. His prosecution in this case began when police officers, investigating a property crime, found a pistol in defendant's pocket. Based on those events, he pleaded guilty to being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). He asked the court to release him until sentencing, citing serious health problems. The court denied release. At the March 2020 sentencing hearing, defense counsel again highlighted defendant's deteriorating health. Noting defendant's criminal history, the court considered a sentence at the high end of the advisory Sentencing Guidelines range of fifty-seven to seventy-one months. But after mentioning defendant's health (including his appearance at sentencing in a wheelchair), it ultimately imposed fifty-seven months.

Just over two months later, in May 2020, defendant moved to reduce his sentence under § 3582(c)(1)(A)(i). The motion focused on his age (at the time, sixty-five years old) and poor health, including his severe chronic obstructive pulmonary disease. He concluded that these factors made him unlikely to survive if he contracted COVID-19. His failing health, he argued, also prevented him from posing any risk to the community.

2

A three-step analysis governs motions under § 3582(c)(1)(A)(i). *United States v. McGee*, 992 F.3d 1035, 1042–43 (10th Cir. 2021). The first step requires the court to decide whether extraordinary and compelling reasons warrant a reduced sentence. *Id.* at 1042. The second step requires the court to decide whether a reduction is consistent with any applicable Sentencing Commission policy statements. *Id.* And the third step requires the court, after considering any applicable sentencing factors in 18 U.S.C. § 3553(a), to determine in its discretion whether a reduction authorized under the first two steps is warranted under the circumstances of the case. *Id.*

Although the court agreed that defendant identified extraordinary and compelling reasons for his request, it denied his motion after finding that he "still poses a significant danger to the safety of the community and the § 3553(a) factors do not support his requested reduction in sentence." R. vol. 1 at 63.

## II. Discussion

Defendant raises two arguments on appeal. First, he contends that the district court erred when it applied the policy statement at § 1B1.13 to his motion. Second, he argues that the court abused its discretion when it found that he remained a danger to the community and that a reduced sentence was not warranted.

### A. Standards of Review

We review de novo the scope of the district court's authority under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1041. And we review its decision to deny a motion under that section for an abuse of discretion. *See United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013) (reviewing a decision under § 3582(c)(2)).

3

"A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *Id.*

### B. The Policy Statement at § 1B1.13

Congress has directed the Sentencing Commission to promulgate general policy statements about the appropriate use of sentence-modification provisions, including § 3582(c). 28 U.S.C. § 994(a)(2)(C). The Commission's policy statement addressing sentence reductions under § 3582(c)(1)(A) is § 1B1.13. That policy statement's most recent amendment took effect November 1, 2018. Reflecting the November 2018 version of § 3582(c)(1)(A), the current policy statement purports to apply only to motions made by "the Director of the Bureau of Prisons." USSG § 1B1.13. A mismatch emerged between § 1B1.13 and § 3582(c)(1)(A) when, in December 2018, Congress amended § 3582(c)(1)(A) to allow courts to act on motions not only from the Director of the Bureau of Prisons but also from defendants. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239. This mismatch, in turn, raised a question: Does § 1B1.13, in its current form, apply to a defendant's motion under § 3582(c)(1)(A)? We recently held that it does not. *McGee*, 992 F.3d at 1050.

The district-court proceedings in this case occurred before we issued our opinion in *McGee*. The parties and the district court seem to have at least assumed that § 1B1.13 applied to defendant's compassionate-release motion. Defendant's motion argued that his release would be consistent with § 1B1.13. And the government affirmatively argued that § 1B1.13 applied to the motion. Although the

4

district court did not explicitly cite § 1B1.13 in denying defendant's motion, its finding that defendant "still poses a significant danger to the safety of the community," R. vol. 1 at 63, tracks a provision in the policy statement allowing relief only if the court finds that the "defendant is not a danger to the safety of any other person or to the community," USSG § 1B1.13(2).

The parties disagree about how defendant's position in the district court should affect our review. Defendant argues that he preserved his appellate argument—that the policy statement does not apply to his motion—by moving for a reduced sentence. Not so. To preserve an issue for appeal, a party must alert the district court to that issue and seek a ruling. *United States v. Ansberry*, 976 F.3d 1108, 1124 (10th Cir. 2020). By merely requesting compassionate release—in a motion that itself applied § 1B1.13—defendant did not alert the district court to the issue he now raises. And so we agree with the government that he is entitled at most to plain-error review on this issue.[1]

Under the plain-error standard, we will reverse if "(1) there is error; (2) that is plain; (3) that affects substantial rights, or in other words, affects the outcome of the proceeding; and (4) substantially affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Chavez*, 723 F.3d 1226, 1232 (10th Cir. 2013).

---

[1] Because we conclude that reversal is not warranted under plain-error review, we need not address the government's argument that defendant invited the district court's error and therefore waived all review of this issue.

Defendant has met the first two plain-error requirements. We recognize, as the government points out, that the district court did not expressly cite the policy statement at § 1B1.13 to deny defendant's motion. But given the parties' positions in the district court and the language in the court's order, we conclude that defendant has sufficiently shown that the court understood the policy statement to govern its ruling. And under *McGee*, the error in that understanding is plain.[2] 992 F.3d at 1050.

But defendant cannot meet the third plain-error requirement, because the district court's error did not affect the outcome of his motion. That is so because the district court expressly found that the § 3553(a) factors did not support defendant's request, a finding that warranted denying the motion independent of any policy statement. *See id.* at 1042–43.

Contrary to defendant's argument, the error in this case is not analogous to a district court's miscalculating the Sentencing Guidelines range before imposing a sentence. When a court miscalculates a Guidelines range to be higher than it should be, that error "most often will" suffice to show a reasonable probability that the outcome would have been different without the error. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016). But that is because "the Guidelines are not only the starting point for most federal sentencing proceedings but also the lodestar."

---

[2] Although the district court ruled before we issued our opinion in *McGee*, we determine if its error is plain by examining the law at the time of the appeal, *Henderson v. United States*, 568 U.S. 266, 279 (2013).

*Id.* at 1346. "In the usual case, then, the systemic function of the selected Guidelines range will affect the sentence." *Id.* In this case, by contrast, the district court's error did not taint its ultimate ruling. Apart from its erroneous reliance on the policy statement, the court articulated a proper, independent reason to deny defendant's motion—the § 3553(a) factors did not support a reduced sentence. So the court's error in relying on the policy statement did not affect defendant's substantial rights, and the error does not warrant reversal.

## B. The District Court's Exercise of its Discretion

Before reducing a sentence under § 3582(c)(1)(A), a court must consider any applicable § 3553(a) factors and determine in its discretion whether the circumstances warrant a reduction. *McGee*, 992 F.3d at 1042–43. Although § 3582(c)(1)(A) requires a court to consider any applicable § 3553(a) factors, it does not incorporate § 3553(c)'s requirement that a court state "the reasons for its imposition of the particular sentence." "This omission is significant because we have previously interpreted the meaning of both subsections, holding that § 3553(a) requires *consideration* of its factors, while § 3553(c) requires an *explanation* of the sentence." *United States v. Piper*, 839 F.3d 1261, 1267 (10th Cir. 2016) (brackets and internal quotation marks omitted). And so we have "no basis" to require a district court "to address every nonfrivolous, material argument" a defendant presents in a § 3582(c)(1)(A) proceeding. *Id.* (internal quotation marks omitted) (discussing an identical consideration requirement in § 3582(c)(2)).

Defendant argues that the district court abused its discretion when it found that he still posed a danger to the community with his failing health. In his view, the court gave too much weight to his criminal history and "failed to appreciate how [his] physical and medical limitations lessened the risk of recidivism and mitigated any danger he might pose to the community." Aplt. Opening Br. at 15.

The record refutes defendant's argument. Before denying defendant's motion, the district court "looked at" the § 3553(a) factors, and one stood out—defendant's history and characteristics. R. vol. 4 at 44. The court recognized defendant's health problems, recalling that they existed at the original sentencing hearing. Noting that he had pleaded guilty to possessing a firearm, however, the court found that he "continues to pose a high risk of danger to the community." *Id.* Although defendant insists that he "is far too old and far too sick to be a threat," Aplt. Opening Br. at 9, the district court's finding is sound: even a sick and feeble person can pose a serious risk with a firearm. The court did not abuse its discretion.

### III. Conclusion

We affirm the district court's order.

Entered for the Court

Jerome A. Holmes
Circuit Judge