FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 9, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

CHRISTOPHER LEE GUNKEL,

　　Defendant - Appellant.

No. 22-5055
(D.C. No. 4:16-CR-00061-JFH-1)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

Appellant Christopher Lee Gunkel, proceeding pro se, asks us to reverse the

district court's denial of his motion for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

### BACKGROUND

In 2016, Gunkel pleaded guilty to one count of sexual exploitation of a child

and one count of extortion. The district court sentenced him to 180 months'

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment. Five years later, while incarcerated at FCI Yazoo City Low ("FCI

Yazoo"), Gunkel filed a pro se motion for compassionate release in the district court.

After asking to supplement the record and then voluntarily dismissing his original

motion, Gunkel filed an amended motion for compassionate release. Citing various

medical conditions, including hypertension, a deviated septum, sleep apnea, and

chronic rhinitis, Gunkel argued that he demonstrated the requisite extraordinary and

compelling circumstances to warrant compassionate release. Gunkel also noted that

FCI Yazoo had experienced a recent COVID-19 outbreak.

The district court denied Gunkel's motion because he failed to show

extraordinary and compelling circumstances. Though the court recognized that

Gunkel's hypertension qualified as a medical condition which could place him at

increased risk for COVID-19 complications, the court noted that his hypertension

was well-managed. The court also noted that Gunkel was vaccinated and boosted for

COVID-19. Despite Gunkel's medical conditions, he had recovered from COVID-19

once before "without complications." R. vol. I, at 159.

Gunkel appealed the district court's denial of his compassionate-release

motion, and the government responded in opposition.[1] Gunkel argues the district

court abused its discretion by failing to consider all relevant circumstances

---

[1] At the outset, we note that Gunkel's appeal is not timely. Gunkel had fourteen days from the date of the district court's May 18, 2022 order to file his notice of appeal, but Gunkel did not do so until June 19, 2022. Fed. R. App. P. 4(b)(1)(A)(i).  The government did not raise this issue in its response brief, so we find any timeliness argument has been forfeited. *United States v. Garduño*, 506 F.3d 1287, 1290–91 (10th Cir. 2007).

surrounding his medical conditions, his susceptibility to a high-risk COVID-19 infection, and FCI Yazoo's COVID-19 levels.

## STANDARD OF REVIEW

We review a district court's order denying a § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021) (citation omitted). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016) (internal quotation omitted). Because Gunkel is proceeding pro se, we construe his pleadings liberally without acting as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

## ANALYSIS

Courts are generally "forbidden" from modifying a term of imprisonment once it has been imposed. *Freeman v. United States*, 564 U.S. 522, 526 (2011). This "rule of finality is subject to a few narrow exceptions," *id.*, one of which is contained in § 3582(c)(1), sometimes called the "compassionate release" statute. *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021). A district court presented with a motion for compassionate release may reduce a term of imprisonment after following a three-step test. *Id.* at 831 (citation omitted). In reviewing a motion under § 3582(c)(1)(A), a district court must (1) "find whether extraordinary and compelling reasons warrant a sentence reduction," (2) find whether a "reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3)  consider any applicable § 3553(a) factors and determine whether, in its

3

discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Maumau*, 993 F.3d at 831 (cleaned up). If a defendant's motion fails any of these steps, the district court may deny the motion without addressing the other steps. *See United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) (citation omitted).

Gunkel argues the district court abused its discretion in three ways: (1) by ignoring his medical conditions; (2) by failing to consider COVID-19's effect on his medical conditions; and (3) by disregarding FCI Yazoo's COVID-19 outbreak. He first argues that the court did not consider "all of the evidence, facts, circumstances, and arguments" relevant to his situation—namely, his medical conditions. Opening Br. 9.[2] In his motion for compassionate release, Gunkel listed a barrage of medical conditions, arguing that these conditions alone demonstrated extraordinary and compelling reasons for his release. Gunkel argued that his obesity, hypertension, obstructive sleep apnea, hypopnea, other respiratory conditions, lifelong condition of spina bifida, heart palpitations, and tachycardia demonstrated extraordinary and compelling reasons for release. The district court acknowledged only Gunkel's "hearing and dental conditions, hypertension, and chronic rhinitis." R. vol. I, at 159. The district court did not evaluate the remaining health issues beyond briefly mentioning Gunkel's "underlying medical conditions." *Id.* at 159. The district court found that Gunkel's conditions were "subject to routine medical care and [were]

---

[2] Opening Brief citations refer to CM/ECF pagination at the top of Gunkel's opening brief.

4

remedied with prescription medication," so there were no extraordinary or compelling reasons for release.

The district court's findings were not clearly erroneous. Gunkel argues generally that the district court "ignored" or "gave only light weight" to the medical conditions, but he does not provide any specific information explaining why his health conditions are extraordinary and compelling. Opening Br. 17–18. The district court found that Gunkel's health conditions were designated as simple chronic care by the Bureau of Prisons and that the Bureau of Prisons was effectively managing them. Though Gunkel may not agree with these findings, they are supported by the record and are not clearly erroneous.

We turn next to Gunkel's argument that his medical conditions, coupled with the COVID-19 pandemic, create extraordinary and compelling circumstances. The district court concluded that Gunkel's vaccinations prevented him from being at "undue risk" of a serious COVID-19 case or resulting complications. R. vol. I, at 161. This was not an abuse of discretion. *United States v. Barrio*, No. 21-6013, 2022 WL 898764, at *6 (10th Cir. Mar. 28, 2022) (unpublished). Gunkel argues the district court improperly relied on Sixth and Seventh Circuit caselaw when evaluating his vaccination status, but we have relied on those same two out-of-circuit precedents in concluding that COVID-19 vaccination status weighs against finding extraordinary and compelling circumstances. *United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022). The district court also noted that Gunkel had successfully recovered from COVID-19 without any complications, despite his

medical conditions. *See Hemmelgarn*, 15 F.4th at 1032. These factual findings are not clearly erroneous, and the district court's reliance on these findings was not an abuse of discretion.

Gunkel also argues the district court ignored FCI Yazoo's COVID-19 infection rate. In his appeal, he provides documentation showing that the COVID-19 rates had risen at least twice in the prison after the district court denied his compassionate-release motion. The district court found that, as of May 18, 2022, FCI Yazoo was "experiencing only minimal COVID-19 infections," with only two confirmed active cases. Gunkel does not provide any evidence that the district court's factual finding was untrue in May 2022 when the district court entered its order. *Hemmelgarn*, 15 F.4th at 1032.

Finally, Gunkel asserts that the court should have gone through all three steps of the compassionate-release analysis. Gunkel makes this argument even though he acknowledges that the district court was not required to do so. The district court's decision to stop at step one of the § 3582 analysis was not an abuse of discretion. *McGee*, 992 F.3d at 1043.

The district court did not abuse its discretion in concluding that Gunkel's medical conditions and any related COVID-19 concerns failed to provide extraordinary and compelling reasons for his release.

**CONCLUSION**

For the reasons stated above, we affirm the district court's denial of Gunkel's motion for compassionate release. We also deny his motion to proceed *in forma pauperis*.

Entered for the Court

Gregory A. Phillips
Circuit Judge