**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 15, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

THIERRY SHAQUR ROBERSON,

    Defendant - Appellant.

No. 23-1178
(D.C. No. 1:17-CR-00483-RBJ-2)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Thierry Shaqur Roberson appeals the district court's denial of his pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We exercise jurisdiction under 28 U.S.C. § 1291. Because the district court was required to treat Mr. Roberson's motion as filed under 28 U.S.C. § 2255, we reverse and remand for further proceedings consistent with this order and judgment.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.     Background

Mr. Roberson pleaded guilty in 2019 to three counts of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The district court sentenced him to three consecutive seven-year terms for a total of twenty-one years' imprisonment.  Mr. Roberson did not appeal. He also did not move to vacate, set aside, or correct his sentence under § 2255.

In 2023, Mr. Roberson asked the district court for a sentence reduction under § 3582(c)(1)(A)(i), commonly referred to as compassionate release.  He argued the offenses underlying two of his § 924(c) convictions did not qualify as crimes of violence.  The relevant predicate offenses were robberies in violation of 18 U.S.C. § 1951(a), otherwise known as the Hobbs Act.  Mr. Roberson contended there were extraordinary and compelling reasons to reduce his sentence because these § 924(c) convictions were void.

The district court denied Mr. Roberson's § 3582(c)(1)(A)(i) motion.  It rejected his contention that Hobbs Act robbery does not qualify as a crime of violence, and Mr. Roberson therefore failed to provide extraordinary or compelling reasons why the court should consider compassionate release.

## II.     Discussion

### A.     Standard of Review and Legal Background

We review a district court's ruling on a compassionate-release motion for an abuse of discretion.  *See United States v. Mannie*, 971 F.3d 1145, 1147-48, 1154-55 (10th Cir. 2020).  "A district court abuses its discretion when it relies on an incorrect

conclusion of law or a clearly erroneous finding of fact," *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016) (internal quotation marks omitted), or "when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable," *United States v. Lewis*, 594 F.3d 1270, 1277 (10th Cir. 2010) (internal quotation marks omitted). We liberally construe Mr. Roberson's pro se filings but we do not act as his advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

A district court may grant a sentence reduction under § 3582(c)(1)(A)(i) only when it (1) "finds that extraordinary and compelling reasons warrant such a reduction"; (2) "finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021); *see also* § 3582(c)(1)(A)(i). A district court has discretion to independently determine what constitutes "extraordinary and compelling reasons," but its discretion is circumscribed by the applicable policy statements issued by the Sentencing Commission. *Maumau*, 993 F.3d at 834 (internal quotation marks omitted).[1]

---

[1] When Mr. Roberson filed his motion, the Sentencing Commission's existing policy statement applied only to motions filed by the Bureau of Prisons. *See Maumau*, 993 F.3d at 836-37. That policy statement therefore did not constrain the district court's "discretion to consider whether any reasons are extraordinary and compelling." *Id.* at 837 (internal quotation marks omitted).

B.        Analysis of Mr. Roberson's Motion

The district court denied Mr. Roberson's motion for compassionate release because he failed to demonstrate extraordinary and compelling reasons warranting a sentence reduction.  It based this conclusion on its holding that Hobbs Act robbery qualifies as a crime of violence, contrary to Mr. Roberson's contention.

We hold that the district court erred in ruling on Mr. Roberson's motion pursuant to § 3582(c)(1)(A)(i) because the court was required to treat the motion as filed under § 2255.  "When a federal prisoner asserts a claim that, if true, would mean 'that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack,' § 2255(a), the prisoner is bringing a claim governed by § 2255." *United States v. Wesley*, 60 F.4th 1277, 1288 (10th Cir.), *cert. docketed*, No. 23-6384 (U.S. Dec. 28, 2023).  In such a case, "the district court must apply § 2255," *id.* at 1288 n.6, including "the statutory restraints imposed by § 2255, such as timing, the content of the motion, and the grounds on which one can bring additional motions," *id.* at 1283.  Thus, a prisoner challenging his conviction or sentence cannot avoid § 2255 and its limitations by seeking relief under § 3582(c)(1)(A)(i) instead.  *See id.* at 1288.

In *Wesley*, for example, we rejected a prisoner's contention that a district court's discretion to determine what constitutes "'extraordinary and compelling reasons'" under § 3582(c)(1)(A)(i) "is limitless" and "could include the sorts of attacks on a conviction or sentence that prisoners normally bring through § 2255 motions." *Id.* at 1283.  Rather, construing both statutes, we held that § 2255 is "the

4

vehicle by which federal prisoners must raise challenges to their convictions or sentences." *Id.* at 1284; *see id.* at 1284-86.

Mr. Roberson's motion raised a claim governed by § 2255 because he challenged the validity of two of his § 924(c) convictions. The district court therefore erred by treating the motion as filed under § 3582(c)(1)(A)(i) and by denying relief under that statute. *See id.* at 1288-89.[2] We vacate the district court's order denying compassionate release and remand for further proceedings on Mr. Roberson's motion.

### C.    Procedure on Remand

When Mr. Roberson filed his motion purportedly seeking compassionate release, he had not previously filed a § 2255 motion.[3] Therefore, on remand, the district court shall follow the procedure set forth in *Davis v. Roberts*, 425 F.3d 830 (10th Cir. 2005), before recharacterizing Mr. Roberson's motion as filed under § 2255:

> The district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on second or successive motions, and provide the litigant an opportunity to

---

[2] Although we issued our decision in *Wesley* before the district court ruled on Mr. Roberson's motion, the court did not apply that decision, nor do the parties apply it on appeal.

[3] According to the district court's docket in Mr. Roberson's criminal case, he has not subsequently filed a first § 2255 motion. *See, e.g.*, *In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1169 n.25 (10th Cir. 2023) ("In an exercise of our discretion, we take judicial notice of the . . . district court's subsequent proceedings . . . related to the appeals at hand.").

withdraw the motion or to amend it so that it contains all the § 2255 claims
he believes he has.

*Id.* at 835 (internal quotation marks omitted).  Mr. Roberson may then choose how he

wishes to proceed.

## III.    Conclusion

We vacate the district court's order denying Mr. Roberson relief under

§ 3582(c)(1)(A)(i) and remand this matter to the district court for further proceedings

consistent with this order and judgment.

Entered for the Court


Bobby R. Baldock
Circuit Judge