**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 12, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERIK BILAL KHAN,

    Defendant - Appellant.

No. 24-2119
(D.C. No. 2:12-CR-02901-MIS-KBM-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT\***
_____

Before **MATHESON**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

Erik Khan is serving a 240-month sentence after pleading guilty to distributing, receiving, possessing, and attempting to produce child

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pornography. Proceeding pro se[1], he appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). He also appeals the denial of his motion to unseal a portion of the record. We have jurisdiction under 28 U.S.C. § 1291.

We affirm the denial of Mr. Khan's § 3582 motion for a sentence reduction. As for the denial of the motion to unseal, the government now represents that "appellate counsel re-examined the [sealed document] and concluded that it does not need to remain under seal," and has "therefore filed a motion to unseal the document under the indicative ruling provision of Federal Rule of Criminal Procedure 37 and Federal Rule of Appellate Procedure 12.1." Resp. Br. at 32. It moves this court for a limited remand. The district court has entered an indicative ruling pursuant to Fed. R. Crim. P. 37(a)(3) expressing its intent to grant the government's motion to unseal on remand, so we grant the government's motion and remand for that sole purpose.

## I

Mr. Khan pleaded guilty to four counts: (1) distribution of child pornography, (2) receipt of child pornography, (3) possession of child

---

[1] Because Mr. Khan proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

pornography, and (4) attempted production of child pornography. *See* 18 U.S.C. §§ 2251(a), 2252(a)(2), (a)(4)(B). His plea agreement expressly acknowledged the statutory maximum sentence the court could impose based only on count 4 was up to forty years, and both parties acknowledged at his sentencing hearing that the Sentencing Guideline range for this count alone was 262–327 months. *See* R.5 at 457. Consistent with Mr. Khan's plea agreement, though, in which the government agreed "that a specific sentence . . . [was] the appropriate disposition of the case," Fed. R. Crim. P. 11(c)(1)(C), the district court sentenced him to twenty years (240 months) on all four counts to run concurrently.

In 2023, the United States Sentencing Commission amended the Guidelines. The amendments included the addition of § 4C1.1, "Adjustment for Certain Zero-Point Offenders," made retroactive to offenders who were still serving terms of imprisonment. Section 4C1.1 included a two-level decrease for certain offenders with zero criminal-history points. But the criteria for eligibility for this decrease included that "the instant offense of conviction is not a sex offense." U.S.S.G. § 4C.1.1(a)(5) (U.S. Sent'g Comm'n 2023). The Guidelines, at the time[2] and as relevant here, defined "sex

---

[2] In a recent revision, the Guidelines removed the requirement that an offense be "perpetrated against a minor" to qualify as a sex offense. *See* U.S.S.G. § 4C1.1(b)(2) (Nov. 1, 2024).

offense" in relevant part as "an offense, perpetrated against a minor." *Id.* § 4C.1.1(b)(2)(A).

In his § 3582 motion, Mr. Khan sought a 30-month reduction in his sentence under § 4C1.1. The district court denied the motion on two independent grounds, concluding (1) Mr. Khan's child pornography offenses were, in fact, "sex offense[s]" under § 4C1.1, so he was ineligible for relief; and (2) even if he were eligible, a sentence reduction was unwarranted when considering the factors in 18 U.S.C. § 3553(a).

Regarding the latter determination, the district court considered the nature and circumstances of Mr. Khan's offense, which involved the possession of over 18,000 images and 3,000 videos of child pornography, "a truly disturbing amount and by far the most [the district court had] ever seen in one case." R. 2 at 120. The court also considered some of the evidence Mr. Khan presented to argue he posed a low risk of recidivism, such as his Bureau of Prisons Recidivism Risk Assessment, which categorized him as "R-MIN", *see* R. 2 at 123, but it found that evidence unpersuasive in light of the length of time he had been offending and the volume of child pornography he had amassed. The court found Mr. Khan's sentence, still well below the Guideline range for Count 4 at sentencing, was "sufficient, but not greater than necessary, to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses;

4

to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant." *Id.* at 123.

This appeal followed.

## II

We start first by discussing the standards by which we consider this appeal. "We review for an abuse of discretion a district court's decision to deny a reduction of sentence under 18 U.S.C. § 3582(c)(2)." *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016) (internal quotation marks omitted). "The scope of a district court's authority in a sentencing modification proceeding under . . . § 3582(c)(2) is a question of law that we review de novo." *Id.* (internal quotation marks omitted). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact," *id.* (internal quotation marks omitted), or "when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable," *United States v. Lewis*, 594 F.3d 1270, 1277 (10th Cir. 2010) (internal quotation marks omitted).

The district court's authority to modify a sentence is restricted by statute:

> A district court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Courts presented with motions under this subsection therefore undertake a two-step inquiry. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon v. United States*, 560 U.S. 817, 827 (2010). "At step two . . . , § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

A

The district court concluded it did not have the authority to modify Mr. Khan's sentence because his guilty pleas to various child pornography offenses amounted to offenses "perpetrated against a minor" and were

6

therefore "sex offenses" under § 4C1.1. This court interpreted "sex offense" similarly when construing a different Guideline, U.S.S.G. § 5D1.2(b)(2), which addresses supervised-release terms for offenders convicted of "a sex offense." *See United States v. Kimler*, 335 F.3d 1132, 1147 (10th Cir. 2003).

Mr. Khan argues that *Kimler* did not hold child pornography offenses are categorically perpetrated against a minor because it "merely accepted the district court's statement on the issue without conducting any interpretive analysis." Aplt. Opening Br. at 25. But this argument is unpersuasive. In *Kimler*, this court rejected the argument that a statute requiring DNA-collection from those convicted of a "sex offense" did not affect § 2252 offenders:

> The Supreme Court has made it clear that the distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children. The materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation.

335 F.3d at 1145–46 (internal quotation marks, alterations, and citation omitted). It then went on to conclude "for the same reasons" that a person convicted under § 2252 had, in fact, committed an offense "against a minor." *Id.* at 1147. Mr. Khan offers no persuasive reason why *Kimler*'s logic would not also apply to § 4C1.1. So the district court did not err when it concluded

7

his distribution of child pornography constituted a "sex offense" under § 4C1.1(b)(2) and that he was therefore ineligible for a reduced sentence.[3]

B

Even if Mr. Khan were eligible for a sentence reduction, the district court concluded it would not grant him a reduction in light of the § 3553(a) factors. Again, we review that decision for an abuse of discretion.

Mr. Khan argues the district court abused its discretion when it made this conclusion because, considering his case's "extensive and convoluted history, a more thorough review period was warranted than the 14 days between [the district court judge]'s assignment . . . and her decision." Aplt. Opening Br. at 41.

But the district court's decision evidenced thorough consideration of the relevant § 3553(a) factors, including findings regarding "the nature and circumstances of [Mr. Khan's] offenses," R. 2 at 120–22, *see* § 3553(a)(1); an

---

[3] Mr. Khan also asserts the government "effectively abandoned any opposition to [his] interpretation [of § 4C1.1]" and that "[t]his failure to contest Khan's interpretation at the district court level should preclude any attempt to dispute this issue on appeal." Aplt. Opening Br. at 32. But the government expressly cited *Kimler* to the district court when it argued he was not eligible for a sentence reduction because he committed a sex offense. *See* Suppl. R. II at 49–50. Even if it had not so argued, "we treat arguments for *affirming* the district court differently than arguments for *reversing* it. We have long said that we may affirm on any basis supported by the record, even if it requires ruling on arguments not reached by the district court or even presented to us on appeal." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011).

analysis of his risk to the public in which the court expressed skepticism over his asserted low risk of recidivism, R. 2 at 122–23, *see* § 3553(a)(2)(C); and an assessment of his sentence in comparison to the relevant Guidelines, *id.* at 123–24, *see* § 3553(a)(4). Mr. Khan has not presented any authority obliging us to find an abuse of discretion based only on the time it took to decide the motion.

Mr. Khan likewise argues the court did not sufficiently analyze his objections to his original Guideline calculations, *see id.* at 42–44, and that its analysis "failed to adequately account for the impact of technology on offense conduct," *id.* at 44. He further argues the court "failed to adequately account for the harsh conditions of [his] confinement, both during his pretrial detention at Dona Ana County Detention Center and his time at FCI Fort Dix during the COVID-19 pandemic." *Id.* at 48.

But even if these arguments sufficiently established that the district court could have arrived at a different decision on the record before it, they do not establish the court's sentence was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Lewis*, 594 F.3d at 1277. So, even if Mr. Khan was eligible for a sentence reduction under § 3582(c)(2), the district court did not abuse its discretion when it declined to give him one.

9

### III

We affirm the judgment of the district court. We remand for the district court to grant the government's motion to unseal dated December 18, 2024 (ECF No. 293). We grant Mr. Khan's motions to file an oversized, out-of-time reply brief.

Entered for the Court


Richard E.N. Federico
Circuit Judge